**FILED**

JUL 24 2009

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.N.A. CONSTRUCTION TECHNOLOGIES, INC.<br>9 Dunwoody Park, Suite 111,<br>Atlanta, GA 30338,<br><br>     Plaintiff,<br><br>v.<br><br>HON. JOHN J. DOLL<br>Acting Under Secretary of Commerce<br>for Intellectual Property and Acting<br>Director of the United States Patent and<br>Trademark Office.<br>Office of General Counsel, United States<br>Patent and Trademark Office, P.O. Box<br>15667, Arlington, VA 22215<br>Rm. 10B20, Madison Building East,<br>600 Dulany Street, Alexandria, VA 22313<br><br>     Defendant. | Civil Action No.: _____<br><br>Case: 1:09-cv-01372<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 7/24/2009<br>Description: General Civil |

## COMPLAINT

Plaintiff P.N.A. Construction Technologies, Inc. ("PNA"), for its Complaint against the Honorable John J. Doll, states as follows:

### NATURE OF THE ACTION

1. This is an action by PNA, the assignee of United States Patent No. 7,481,031 ("the '031 patent") for review of the determination by Defendant, pursuant to 35 U.S.C. § 154(b)(3)(B), of the patent term adjustment of the '031 patent. PNA seeks a judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '031 patent be changed from 352 days to 1,007 days.

2.  This action arises under 35 U.S.C. § 154(b)(4)(A) and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3.  PNA is a corporation organized under the laws of North Carolina, with its principal place of business at 9 Dunwoody Park, Suite 111, Atlanta, GA 30338.

4.  Defendant John J. Doll is the Acting Under Secretary of Commerce for the Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending and performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361; 35 U.S.C. § 154(b)(4)(A); and 5 U.S.C. §§ 701-706.

6.  Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7.  This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## FACTS

8.  PNA is the assignee of all right, title, and interest in the '031 patent, as evidenced by the records in the PTO, and is the real party in interest in the case.

9.  Russell Boxall and Nigel K. Parkes are the inventors of patent application number 10/489,380 ("the '380 application").

10. The '380 application was filed on March 12, 2004, and issued on January 27, 2009, as the '031 patent, entitled "Load transfer plate for in situ concrete slabs."

11. On February 26, 2007, the PTO mailed the first notification under 35 U.S.C. § 132 ("the Restriction Requirement") as to the '380 application.

12. On January 27, 2009, and pursuant to 35 U.S.C. § 154(b)(3), the '031 patent issued with a patent term adjustment of 352 days listed on the face of the patent.

13. On January 27, 2009, PNA filed with the PTO an Application for Patent Term Adjustment Including Request for Reconsideration under 37 C.F.R. § 1.705(b) ("PNA's Request for Reconsideration") for the '031 patent, requesting that it be granted a corrected final patent term adjustment of 1,007 days based on PNA's calculation of delay under 35 U.S.C. § 154(b)(1)(A) and (B). On June 8, 2009, the Office of Petitions dismissed PNA's Request for Reconsideration.

14. Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which set forth a "[g]uarantee of prompt Patent and Trademark Office responses" and a "[g]uarantee of no more than 3-year application pendency."

15. Subsection 154(b)(3)(D) provides that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection."

16. In calculating the patent term adjustment, the Director must take into account PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

17.     Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent."

18.     This action against the Director is timely filed within the 180 day period after grant of the patent, under 35 U.S.C. § 154(b)(4)(A).

## CLAIM FOR RELIEF

19.     The allegations of paragraphs 1-18 are incorporated in this claim for relief as though fully set forth herein.

20.     The patent term adjustment for the '031 patent, as determined by the Director under 35 U.S.C. § 154(b) and listed on the face of the '031 patent, is 352 days.

21.     The Director's determination of the 352 day patent term adjustment is in error because the PTO did not properly calculate and allow an adjustment for the delays that occurred pursuant to both 35 U.S.C. §§ 154(b)(1)(A) and (B), to the extent such delays did not occur on the same days. The correct patent term adjustment for the '031 patent is 1,007 days.

22.     The '380 application was filed on March 12, 2004, and the '031 patent was issued on January 27, 2009.

23.     PNA is entitled to an adjustment of the term of the '031 patent under 35 U.S.C. § 154(b)(1)(A) in the amount of 655 days, which is the number of days attributable to PTO examination delay during prosecution of the '380 application ("A Delay"). The A Delay period of 655 days is pursuant to 35 U.S.C. § 154(b)(1)(A)(i) due to the PTO's failure to mail an action under 35 U.S.C. § 132 not later than 14 months from the actual filing date of the application. This period consists of the length of time inclusive of May 13, 2005 (one day after 14 months

4

after the filing date of the '380 application), to February 26, 2007 (the date of mailing of the Restriction Requirement by the PTO).

24. PNA is also entitled to an additional adjustment of the term of the '031 patent under 35 U.S.C. § 154(b)(1)(B) in the amount of 687 days, which is the number of days the issuance of the '031 patent was delayed beyond three years after the actual filing date of the '380 application ("B Delay").

25. 35 U.S.C. § 154(b)(2)(A) states that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '031 patent, none of the A Delay (ending on and including February 26, 2007) overlapped with the period of B Delay (beginning on and including March 13, 2007). Therefore, there is no period of overlap to be excluded from the patent term adjustment.

26. The total period of PTO delay was 1342 days, which is the sum of the A Delay (655 days) and the B Delay (687 days).

27. The '031 patent is not subject to a disclaimer of term. Therefore, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

28. The total period of PTO delay is reduced under 35 U.S.C. § 154(b)(2)(C) by the period of applicant delay, which the Defendant calculated for the '031 patent as 335 days.

29. Accordingly, the correct patent term adjustment to which PNA is entitled under 35 U.S.C. § 154(b)(1) and (2) is 1,007 days, which is the total period of PTO delay (655 days + 687 days = 1,342 days) less the period of applicant delay (1,342 days − 335 days = 1,007 days).

30. The Director erred in the determination of the patent term adjustment for the '031 patent by erroneously treating the entire period of A Delay as overlapping with the entire period of B Delay, and including on the B Delay, instead of the sum of both the A and B delays, in the patent term adjustment. Thus, the Director incorrectly calculated a patent term adjustment for the '031 patent as 352 days (687 days of B Delay less 335 days of applicant delay = 352 days). By this erroneous calculation, the Director has deprived PNA of the full patent term adjustment to which it is entitled (calculated above as 1,007 days).

31. In its opinion in *Wyeth v. Dudas*, Civ. Action No. 07-1492-JR, this Court explained the proper construction and application of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. *See Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008).

32. The Director's allowance of only 352 days of patent term adjustment for the '031 patent is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of the jurisdiction and authority conferred by and the limitations imposed by statute.

## PRAYER FOR RELIEF

WHEREFORE, PNA respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '031 patent from 352 days to 1,007 days, and requiring Defendant to alter the term of the '031 patent to reflect the 1,007-day patent term adjustment; and

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: July 24, 2009								Respectfully submitted,

_____
Joseph M. Potenza (DC Bar No. 232637)
Christopher B. Roth (DC Bar No. 473052)
BANNER & WITCOFF, LTD.
1100 13th Street, NW
Suite 1200
Washington, DC 20005-4051
Telephone: 202.824.3000
jpotenza@bannerwitcoff.com
croth@bannerwitcoff.com

*Attorney for Plaintiff P.N.A. Construction Technologies, Inc.*